The opinion of the Court was delivered by
Whitner, J.
The facts in this case are conceded. Monies reached the hands of the city sheriff officially, belonging to Jamés Hana-han, against whom there are several unsatisfied-executions. The question is as to their proper application. *190 The money is in Court ready to be applied on a proper order. The A. A. 1785, see. 87, 7 Stat. 229, directs, “ That if two or more such writs (fi. fas.) shall be delivered against the same person, that which was first delivered shall be first satisfied.” Priority then furnishes the true rule unless controlled by a stronger.
In this class the.execution of G. & H. Cameron stands first.The objection alleged is that this/, fa. had been marked nulla bona, and returned to the clerk’s office, whereupon a ca. sa., upon which no proceedings had been had, was lodged with the sheriff. “ There is no doubt but that a/, fa. and a ca. sa. may be taken and exist at the same time on the same judgment, though only one can be executed.” Mazyck & Bell vs. Coil, 2 Bail. 101. If the defendant had been under arrest on the ca. sa. these plaintiffs could not have claimed funds collected by the sheriff on a fi. fa. Johnson vs. Shubert, 2 Hill, 502, No just objection is furnished by the mere return of the fi. fa. to the clerk’s office, or the lodgment of a ca. sa. with the sheriff.
The next execution in order of time is that in favor of the Bank of the State of Georgia. '
The objection alleged as to- this rests on the fact, that the judgment was obtained in the Court of Common Pleas for Charleston, and the/, fa. lodged with the sheriff of Charleston District. The precise point, and as to these very offices, was settled in the case of Greenwood vs. Naylor, 1 McC. 414. The rule- equally applies as to such executions, “ that which was first delivered shall be first satisfied.” There needs no modification from an apprehension that the rule devolves on the officer the necessity of supervision in each office. When the proper case arises he will receive the proper protection. But with the fund in hand and full notice, what should hinder an observance of the rule already stated ? Officers incur no hazard, and plaintiffs in execution suffer no injustice.
These two executions will, it is said, exhaust the fund, and, *191 if admitted, exclude the junior execution in favor of Lynch, the actor in this rule, to whom the Recorder directed the money to be paid.
The Court has not been able to perceive in what way an inquiry, whether money is the subject of levy or lien, can affect the present question, and hence I do not propose to follow to any extent the argument on that subject. This is not the case of a voluntary payment by a defendant in execution to a junior execution, as in Adams vs. Crimager, 1 McMul. 309. In the office of the sheriff there was an execution in favor of Ilanahan, and in satisfaction of that execution the money was paid to him. The sheriff, as already stated, received the money officially. Hanahan has been passive except that now, as it would appear^ from Ais grounds of appeal, seeing the difficulties in the way of his execution creditors, he proposes, as an easy solution, that the money be paid over to him.
The Recorder cites, in vindication of his judgment, Summers vs. Caldwell, 2 N. & McC. 341, where money was held to be the subject of levy by execution, and Means vs. Vance, 1 Bail. 39, recognizing the same doctrine. In the present case the sheriff did not levy, and indeed there was no reason why he should have done so. He produces the money in Court, and submits to its order ; in so doing he has acted discreetly, and is fully borne out by the cases cited. Whether money is subject to the lien of an execution is not free from perplexity; as the circulating medium of the country it would not do to arrest its transfer or jeopardize the rights of those through whose hands it may pass, and yet it has been seen that under certain circumstances it may be seized and applied. The cases of Reid vs. Ramey, 2 Rich. 4, and Maddox vs. Kennedy, Ib. 102, furnish instances in which, 'although money may be raised under an execution, it may, nevertheless, not belong to the plaintiff in that execution. In all such cases the court will inquire, and guard the rights of others. But really the ease in hand is believed to be free of all such difficulties. The sheriff neither *192 levied nor applied; no third person'claims ; the defendant has no just ground on which to divert or withdraw this fund from its just destination — and the Court is entirely untrammelled.
It is, therefore, ordered, that the order made by the Recorder at the original hearing of the rule, directing the payment of the money in the hands of the City sheriff to the actor, Francis Lynch, on his execution against James Hanahan, be rescinded. It is further ordered, that the city sheriff apply the said funds to the executions against James Hanahan, according to priority, as indicated in this opinion, first, to G. & H. Cameron, next, to the Bank of the State of Georgia.
O’Neall, Wardlaw, Withers, and Glover, JJ., concurred.

Motion granted.